JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Siruc and Kathleen Siruc, h/w

## DEFENDANTS
Multitek North America, LLC, Multitek, Inc. and Multitek International IC-Disc, Inc.

**(b)** County of Residence of First Listed Plaintiff    Union
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Price
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin P. O'Brien, Esquire
Stampone Law, PC
500 Cottman Avenue, Cheltenham, PA 19012 (215)663-0400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District (specify)   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1332 - diversity

Brief description of cause:
Serious and permanent injury as a result of Product Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
01/11/2017

SIGNATURE OF ATTORNEY OF RECORD
*KN*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOSEPH SIRUC AND<br>KATHLEEN SIRUC, h/w<br>V.<br>MULTITEK NORTH AMERICA, LLC<br>AND MULTITEK, INC. , ET AL | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( x)


| 1/11/2017 | Kevin P. O'Brien, Esq. | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-663-0400 | 215-663-9112 | kobrien@stamponelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _77 Lemon Lane, Mifflinburg, PA 17844_

Address of Defendant: _375 Progress Street, Prentice, WI 54556_

Place of Accident, Incident or Transaction: _Lewisburg, PA_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☒  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___Kevin P. O'Brien___, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _1/11/2017_   _____  _313081_
                    Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/11/2017_   _____  _313081_
                    Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH SIRUC
AND KATHLEEN SIRUC, h/w
77 Lemon Lane
Mifflinburg, PA 17844                           CIVIL ACTION
                                                No.:
Vs.

MULTITEK NORTH AMERICA, LLC
375 Progress Street
Prentice, WI 54556
and/or
c/o Catherine Groscop
3250 S. Fox Ranch Road
P. O. Box 1187
Rhinelander, WI 54501
AND
MULTITEK, INC
375 Progress Street
Prentice, WI 54556
AND
MULTITEK INTERNATIONAL IC-
DISC, INC.
c/o Michael Hucovski
3250 S. Fox Ranch Road
Rhinelander, WI 54501

## COMPLAINT

**I.     JURISDICTION**

Jurisdiction is founded upon diversity of citizenship of the parties and the amount in

controversy pursuant to 28 U.S.C. §1322, in that Plaintiffs, Joseph Siruc and Kathleen Siruc, h/w

are individuals and citizen of the Commonwealth of Pennsylvania; Defendant, Multitek North

America, LLC, is alleged and therefore averred to be a corporation, with its principal place of

business in the State of Wisconsin; and the amount in controversy exceeds One Hundred Fifty

Thousand ($150,000.00) Dollars.

**II.    THE PARTIES**

1.      Plaintiffs, Joseph Siruc and Kathleen Siruc, are individuals and citizens of the Commonwealth of Pennsylvania, and reside therein at 77 Lemon Lane, Mifflinburg, PA 17844.

2.      Defendant Multitek North America, LLC is believed and therefore averred to be a corporation, partnership, or other business entity, trade name and/or fictitious name with its principal corporate headquarters or place of business located at 375 Progress Street, Prentice, WI 54556 and/or c/o Catherine Groscop, 3250 S. Fox Ranch Road, P. O. Box 1187, Rhinelander, WI 54501 and which corporation, company or business entity is and has been engaged in the business of designing manufacturing, assembling, distributing, authorizing, distribution, packaging, advertising and placing in the stream of commerce the product Multitek  Firewood Processor Model 204OXP2.

3.      Defendant, Multitek, Inc., is believed and therefore averred to be to be a corporation, partnership, or other business entity, trade name and/or fictitious name with its principal corporate headquarters or place of business located at 375 Progress Street, Prentice, WI 54556 and which corporation, company or business entity is and has been engaged in the business of designing manufacturing, assembling, distributing, authorizing, distribution, packaging, advertising and placing in the stream of commerce the product Multitek  Firewood Processor Model 204OXP2.

4.      Defendant Multitek International IC-Disc, Inc. is believed and therefore averred to be a corporation, partnership, or other business entity, trade name and/or fictitious name with its principal corporate headquarters or place of business located at c//o Michael Hucovski, 3250 S. Fox Ranch Road, P. O. Box 1187, Rhinelander, WI 54501 and which corporation, company or business entity is and has been engaged in the business of designing manufacturing, assembling,

distributing, authorizing, distribution, packaging, advertising and placing in the stream of commerce the product Multitek Firewood Processor Model 2040XP2.

5.      These Defendants are referred to collectively as "Multitek" throughout this complaint.

## III.   FACTUAL ALLEGATIONS

6.      The Multitek Firewood Processor Model 2040XP2 is referred to throughout this complaint as "the product".

7.      At all times pertinent hereto, the Defendants were authorized to, and did conduct business regularly in the Commonwealth of Pennsylvania including the city and county of Philadelphia, and all Counties that comprise the District Court.

8.      At all times pertinent hereto, the Defendants, jointly and/or severally acted by and through their agents, ostensible agents servants, workmen, and/or employees, who were acting within the scope of their authority and within the course of their employment.

9.      At all times pertinent hereto, Defendants, jointly and/or severally were in the business of designing, fabricating, supplying, inspecting, selling, advertising, promoting, distributing and maintaining Firewood Processor machines and/or equipment which are used in the lumber business.

10.     On or about January 14, 2015 Plaintiff Joseph Siruc was engaged in his employment as a firewood splitter/processor at Kuhns Brothers Lumber Company, Inc., located at 434 Swartz Road, Lewisburg, PA 17837.

11.     On or about the aforementioned time and place, while Plaintiff was performing his duties of his employment the logger became jammed.

12.     When the logger became jammed Plaintiff while splitting round logs, the Plaintiff attempted to push the log through with the machine, however the log was jammed stuck.

13.     The Plaintiff attempted three times to push the jammed log through with the pusher device on the machine.

14.     At the time the Plaintiff lifted the gate to the machine and turned the blade off.

15.     The machine takes approximately 6-7 minutes to stop turning and there is no hydraulic braking system.

16.     Plaintiff then struck the jammed log with a sledgehammer to push the log further.

17.     Plaintiff then mounted the machine to where the there is a grab bar to wait for the blade to wind down at which time he was caused to slip as a result of the ice and snow on his shoe.

18.     As a result of the slip the Plaintiff was caused to come into contact with the blade of the saw.

19.     The blade cut into Plaintiff's leg severely, despite the Plaintiff having turned the blade off approximately 5 minutes before.

20.     The blade was still spinning as there is no braking system which would stop the blade from spinning and lessen the time for which it spins.

21.     As a direct and proximate result of the carelessness, negligence, breach of warranties and strict liability of the Defendants, as described in the foregoing paragraphs of this Complaint, Plaintiff sustained severe and disabling injuries including but not limited to severe lacerations and cuts to his leg, the near amputation of his leg, fractures of bones, tears of ligaments, severe damages to his nerves and nervous system, severe scarring and disfigurement, which may be permanent in nature.

22.     As the direct and proximate result of the carelessness, negligence, breach of warranties and strict liability of the Defendants as described in the foregoing paragraphs of this Complaint, Plaintiff has been disabled and may continue to be disabled in the future, from performing his usual duties, occupations and avocations with a consequent loss of earnings, earning power and earning potential.

23.     As the direct and proximate result of the carelessness, negligence, breach of warranties and strict liability of Defendants as described in the foregoing paragraphs of this Complaint, Plaintiff has suffered and may continue to suffer in the future, excruciating and agonizing aches, pains, mental anguish, humiliation, disfigurement and limitations and restrictions of his usual activities, pursuits and pleasures.

24.     As the direct and proximate result of the carelessness, negligence, breach of warranties and strict liability of the Defendants as described in the foregoing paragraphs of this Complaint, Plaintiff has required and may continue to require in the future medicines, medical care, hospitalization and treatment, and has in the past been compelled and will in the future continue to be compelled to expend large sums of money and incur monetary obligations for such care and treatment.

<u>**COUNT I – STRICT LIABILITY**</u>
<u>**JOSEPH SIRUC V. ALL DEFENDANTS**</u>

25.     Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein.

26.     Defendants were at all times hereto, and presently are, in the business of designing, fabricating, manufacturing, selling, distributing, supplying, installing, repairing, overhauling, inspecting and maintaining certain types of machines, components and/or equipment, including the Multitek Firewood Processor Model 204OXP2 which was involved in

the injury to the Plaintiff on January 14, 2015, referring to in the preceding paragraphs of this Complaint.

27.     At all times relevant hereto, the product and its component parts were jointly and/or severally manufactured, designed, fabricated, assembled, sold, distributed and/or placed in the stream of commerce by Defendants during and in the ordinary course of business and at said product was defective and/or unreasonably dangerous as a result of defects in its design and/or manufacture.

28.     Said product and its component parts did reach the Plaintiff, an intended and foreseeable user, in a condition substantially unchanged from that in which it was manufactured, designed, fabricated, assembled, sold and/or distributed.

29.     The injuries and damages sustained by the Plaintiff as set forth above, were the direct result of the defective and dangerous conditions existing at the time of the joint and/or several design, manufacture, fabrication, assembly, sale and/or distribution by Defendants, acting as aforesaid.

30.     Defendants are strictly liable pursuant to Section 402(a) of the Restatement of Torts, Second as said product was defective and unreasonably dangerous at the time it was designed, manufactured, sold, distributed and/or placed into the stream of commerce Defendant failed to warn Plaintiff in particular, and other perspective users of the aforementioned defects and dangers.

31.     Prior to the sale of the product and/or the use of the product by Plaintiff, Defendants knew, or should have known with adequate inspection, training and/or testing, that the product was in a defective and dangerous condition and that because of the defects, the product could not be used safely for the purposes for which it was intended.  Defendant also

knew that continued sale and use of the product would result in injuries to persons situated such as Plaintiff.

32.     The product was manufactured, designed, fabricated, assembled, distributed, marketed, promoted, advertised, sold and/or inspected by the Defendant also failed to contain proper warnings and instructions regarding its use and operation, and all dangers associated with the use of the product.

33.     The product was also defective due to inadequate post-marketing warnings or instructions because, after the manufacturer knew or should have known of the risk of injury to users of the product, Defendant failed to provide adequate warnings to users and persons subjected to the product and continued to manufacture, design, fabricate, assemble, distribute, promote and sell the product.

34.     The product was unreasonably dangerous and such dangers were unknowable and unacceptable to the average or ordinary consumer and therefore they failed to satisfy the consumer expectation test.

35.     A reasonable person would conclude that the probability and seriousness of the harms caused by the dangers of the product as set forth herein outweighed the burden or costs of taking precautions and therefore the product failed to satisfy the Risk-Utility Test.

36.     As a result of the aforementioned defects and/or other unreasonably dangerous conditions of the product, including improper warnings and instructions on the lift and in the operations/use manuals, the Plaintiff was caused to sustain severe, serious and permanent injuries, death, and damages as set forth above.

WHEREFORE, Plaintiff, Joseph Siruc, demands judgment against the Defendants, Multitek North America, LLC, Multitek, Inc., and Multitek International IC-Disc, Inc., their

agents, servants, workmen and/or employees, jointly and severally, for damages, interest and costs of suit in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars

## COUNT II – BREACH OF WARRANTY
## JOSEPH SIRUC V. ALL DEFENDANTS

37.     Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein.

38.     At the time the machine and/or equipment was sold by Defendants, Defendants did represent and express various guarantees and warranties, expressly and by implication, to the effect that the Multitek  Firewood Processor Model 204OXP2 was safe, fit for its intended use and of merchantable quality.

39.     At the time the machine and/or equipment was sold to the Plaintiff by Defendants, it was not of merchantable quality and it was not safe or fit for its normal or intended uses and purposes.

40.     Said warranties and representations were false in that the aforementioned product was not safe; was un-merchantable; and, was unfit for the ordinary purpose and uses for which it was intended.

41.     Prior to the time the product was used by Plaintiff, the Defendants had implied warranties to Plaintiff and the general public that the product was of merchantable quality and safe and fit for the use for which it was intended.

42.     Plaintiff was unskilled in the research, manufacture, design fabrication, assembly, sale and/or distribution of the aforementioned product and reasonably relied on the skill, judgment and the implied and/or expressed warranties of the Defendants in using the aforementioned product.

43.     The product was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user.

44.     The aforementioned breach of warranty was the proximate cause of the injuries, death, and damages sustained by the Plaintiff as set forth above.

WHEREFORE, Plaintiff, Joseph Siruc, demands judgment against the Defendants, Multitek North America, LLC, Multitek, Inc., and Multitek International IC-Disc, Inc., their agents, servants, workmen and/or employees, jointly and severally, for damages, interest and costs of suit in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

## COUNT III – NEGLIGENCE
## JOSEPH SIRUC V. ALL DEFENDANTS

45.     Plaintiff incorporates herein by reference all of the above paragraphs as if set forth in full herein.

46.     Defendants, acting by and through its duly authorized agents, servants and employees, were careless and negligent in their design, fabrication, manufacture, sale, distribution, supply, repair, warning, overhaul, inspection and maintenance of the Multitek Firewood Processor Model 2040XP2, as referred to in the foregoing paragraphs of this Complaint in the following particular respects:

    a.      failing to design, fabricate, manufacture, sell, distribute, supply, install, repair, overhaul, inspection and maintain the Multitek Firewood Processor Model 2040XP2 in a reasonably safe condition;

    b.      designing, fabricating, manufacturing, selling, distributing, supplying, installing, repairing, overhauling, inspection and maintaining the Multitek Firewood Processor Model 2040XP2 in a defective and dangerous condition;

c.      failing to ensure the Multitek Firewood Processor Model 204OXP2 was adequate and safe for its intended use;

d.      failing to give adequate and sufficient warning as to the reasonably foreseeable defects in the Multitek Firewood Processor Model 204OXP2, and as to the reasonably foreseeable accidents that could occur in the use or operation of the Multitek Firewood Processor Model 204OXP2, and as to the reasonably foreseeable dangers attendant to the use and operation of the Multitek Firewood Processor Model 204OXP2;

e.      failing to provide sufficient instructions in order that the ultimate purchaser and user would have sufficient information, preparation and training as to the proper operation of the Multitek Firewood Processor Model 204OXP2;

f.      failing to adequately warn and/or instruct to the proper devices to be used and safety features to be employed in conjunction with the use and operation of the Multitek Firewood Processor Model 204OXP2;

g.      failing to properly test and/or inspect the Multitek Firewood Processor Model 204OXP2 to determine whether it could be used without injury to those persons who would work with, use and work near the said machinery;

h.      failing to safely design the Multitek Firewood Processor Model 204OXP2 and/or failing to have designed the machine adequate and proper guards or other safety devices or features which would have prevented Plaintiff's injury;

i.      failing to adequately warn of the dangers attendant upon the use of the Multitek Firewood Processor Model 204OXP2;

j.      failing to exercise due and reasonable care under the circumstances and in view of the foreseeable dangers and the foreseeable accident and injuries that might occur or result in using or operating the Multitek Firewood Processor Model 204OXP2, or being near it when in operation; and

k.      failure to affix to the product in prominent and visible locations warnings, labels, stickers, or notice of any kind warning the user not to climb onto the product;

l.      failure to affix to the product in prominent and visible locations warnings, labels, stickers, or notice of any kind warning the user not to attempt to remedy any jam in the product for a certain period of time;

10

m.  failure to affix to the product in prominent and visible locations warnings, labels, stickers, or notice of any kind warning the user of the amount of time the product's blade takes to stop on its own;

n.  failure to fashion develop and include in product marketing information, users manuals and other product information warnings, labels, stickers, or notice of any kind warning the user not to climb onto the product;

o.  failure to fashion develop and include in product marketing information, users manuals and other product information warnings, labels, stickers, or notice of any kind warning the user not to attempt to remedy any jam in the product for a certain period of time;

p.  failure to fashion develop and include in product marketing information, users manuals and other product information warnings, labels, stickers, or notice of any kind warning the user of the amount of time the product's blade takes to stop on its own;

q.  designing, fabricating, manufacturing, selling, distributing and/or placing into the stream of commerce a product without a safe and reasonable devise, component or instrument that could be used to remediate a jam of wood and/or material in the product itself;

r.  designing, fabricating, manufacturing, selling, distributing and/or placing into the stream of commerce a product without a hydraulic braking system;

s.  designing, fabricating, manufacturing, selling, distributing and/or placing into the stream of commerce a product without integrating a braking system that would cut down on the time it takes for the products blade to stop spinning;

t.  designing, fabricating, manufacturing, selling, distributing and/or placing into the stream of commerce a defective product without a blade braking system;

u.  designing, fabricating, manufacturing, selling, distributing and/or placing into the stream of commerce a product without a safe component part to remediate jams during the use of the product;

v.  designing, fabricating, manufacturing, selling, distributing and/or placing into the stream of commerce a product without proper instructions and/or warnings on how to remediate or unjam the product during its use;

11

w.  designing, fabricating, manufacturing, selling, distributing and/or placing into the stream of commerce a product without a warning light and/or sound that indicates to users the product's blade is still spinning;

x.  designing, fabricating, manufacturing, selling, distributing and/or placing into the stream of commerce a product without a system to limit the time the product's blade spins despite such a system being a reasonable design that is inexpensive and greatly increases the safety of the product;

z.  designing, fabricating, manufacturing, selling, distributing and/or placing into the stream of commerce a product without an indicator light and/or sound that indicates to the user when it is safe to begin to remediate any jam to the product;

aa. designing, fabricating, manufacturing, selling, distributing and/or placing into the stream of commerce a product without a safe alternative device and/or component part to remediate a jam of the product.

47.  The negligence and carelessness of the Defendants as set forth herein was a direct and proximate cause of the Plaintiff's injuries as set forth at length herein.

WHEREFORE, Plaintiff, Joseph Siruc, demands judgment against the Defendants, Multitek North America, LLC, Multitek, Inc., and Multitek International IC-Disc, Inc., their agents, servants, workmen and/or employees, jointly and severally, for damages, interest and costs of suit in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

<u>COUNT IV</u>
<u>KATHLEEN SIRUC VS. ALL DEFENDANTS</u>
<u>LOSS OF CONSORTIUM</u>

48.  Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein.

49.  At all times pertinent hereto, Plaintiff Kathleen Siruc was and is the lawful wife of Plaintiff, Joseph Siruc.

50.  As the direct and proximate result of the acts and omissions of Defendants as described in the foregoing paragraphs of this Complaint, Plaintiff, Kathleen Siruc has in the past

and will in the future be deprived of the society, companionship, services, support and earning power of her husband, Joseph Siruc, to her great detriment and loss.

    51.    As a direct and proximate result of the acts and omissions of the Defendants as described in the foregoing paragraphs of this Complaint, Plaintiff Kathleen Siruc has in the past and will in the future continue to be obliged to expend various and large sums of money for medical care and treatment of her husband, Joseph Siruc, all to her great detriment and loss.

    WHEREFORE, Plaintiff, Kathleen Siruc, demands judgment against the Defendants, Multitek North America, LLC, Multitek, Inc., and Multitek International IC-Disc, Inc., their agents, servants, workmen and/or employees, jointly and severally, for damages, interest and costs of suit in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

Respectfully submitted,

**STAMPONE LAW, PC**

BY:_____

KEVIN P. O'BRIEN, ESQUIRE
Attorney for Plaintiffs
ID No.:  313081
500 Cottman Avenue
Cheltenham, PA 19012
(215)663-0400
kobrien@stamponelaw.com


JAMES P. MCNALLY, ESQUIRE
Attorney for Plaintiff
ID No.: 37085
500 Cottman Avenue
Cheltenham, PA 19012
(215)663-0400
jmcnally@stamponelaw.com